**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| CROSS MATCH TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) Civil Action No. 6:10-cv-28 |
| v. | ) |
| SUPREMA, INC.; and MENTALIX, INC., | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, Cross Match Technologies, Inc. ("Cross Match"), on personal knowledge as to its own acts, and on information and belief as to all others based on its investigation, for its Complaint against Defendants Suprema, Inc. ("Suprema") and Mentalix, Inc. ("Mentalix") (collectively, "Defendants"), alleges as follows:

**Parties**

1. Plaintiff Cross Match is a Delaware corporation, with a principal place of business at 3950 RCA Boulevard, Suite 5001, Palm Beach Gardens, Florida 33410.

2. On information and belief, Defendant Mentalix is a corporation organized and existing under the laws of the State of Texas, having a principal place of business at 1255 W. 15th Street, Suite 370, Plano, Texas 75075.

3. On information and belief, Defendant Suprema is a corporation organized and existing under the laws of the Republic of Korea, having a principal place of business at 16F Parkview Office Tower, Jeongja-dong, Bundang-gu, Seongnam-Si, Gyeonggi-Do, 463-863 Korea.

## Jurisdiction

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271 *et seq*. The Court has personal jurisdiction over each of the Defendants in that they each have established minimum contacts with this forum. Each Defendant has transacted business in this district and/or, on information and belief, has committed acts of infringement or induced or contributed others to commit acts of infringement within this judicial district. The exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

5.     Plaintiff Cross Match conducts business in Texas and within this judicial district. For example, Cross Match has sales representatives and distributors in Texas and within this judicial district; had over $2 million in sales in Texas in 2009; participates in trade shows in Texas including two such trade shows in 2009; and has many customers in Texas, including various Texas state agencies, police departments, sheriff's offices, municipalities and private companies.

6.     Defendant Mentalix is a corporation organized and existing under the laws of the State of Texas and has its principal place of business within this judicial district.

7.     Defendant Suprema conducts substantial business within this judicial district and, on information and belief, sells, offers for sale and imports its products within this judicial district. For example, Suprema's website identifies United States as one of the "[c]ountries using Suprema Products" and, on information and belief, Suprema conducts business within this judicial district by selling its products to Mentalix, which then distributes Suprema's infringing products throughout the United States to customers. Suprema has sought certification of its

products by the Federal Bureau of Investigation for the Bureau's Integrated Automated Fingerprint Identification System Image Quality Specification Appendix F standards.

8.     To the extent Suprema lacks contacts with a single state sufficient to satisfy personal jurisdiction, on information and belief, Suprema has sufficient aggregate contacts with the United States as a whole to satisfy due process requirements pursuant to Federal Rule of Civil Procedure 4(k)(2) and would not offend the Constitution or other federal law.

## Venue

9.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1331, 1338(a), 1391(b), (c) and (d) and 1400(b).

10.    On information and belief, Defendants sell various products and conduct other business within this judicial district, and a substantial part of the events giving rise to Cross Match's claims occurred within this judicial district such that Texas has a particularized local interest in this dispute. On information and belief, the substantial majority of the sources of proof relevant to Cross Match's claims that reside in the United States reside within this judicial district, including documents and fact witnesses, thereby permitting compulsory service to secure the attendance of such witnesses while minimizing the costs of such attendance.

## The Patents-in-Suit

11.    United States Patent No. 5,900,993 ("the '993 Patent"), entitled "Lens Systems For Use In Fingerprint Detection," was duly and legally issued on May 4, 1999, to Cross Check Corporation, the assignee of named inventor Ellis Betensky. Cross Check Corporation is the former name of Plaintiff Cross Match. Plaintiff Cross Match is the owner of the '993 Patent with full rights to enforce the '993 Patent. A true and correct copy of the '993 Patent is attached as Exhibit A.

12. United States Patent No. 6,483,932 ("the '932 Patent"), entitled "Method and Apparatus For Rolled Fingerprint Capture," was duly and legally issued on November 19, 2002 to Plaintiff Cross Match, the assignee of named inventors Chris J. Martinez and Walter Guy Scott. Plaintiff Cross Match is the owner of the '932 Patent with full rights to enforce the '932 Patent. A true and correct copy of the '932 Patent is attached as Exhibit B.

13. United States Patent No. 7,203,344 ("the '344 Patent"), entitled "Biometric Imaging System And Method," was duly and legally issued on April 10, 2007 to Plaintiff Cross Match, the assignee of named inventors George W. McClurg, John F. Carver, Walter G. Scott and Gregory Zyzdryn. Plaintiff Cross Match is the owner of the '344 Patent with full rights to enforce the '344 Patent. A true and correct copy of the '344 Patent is attached as Exhibit C.

14. United States Patent No. 7,277,562 ("the '562 Patent"), entitled "Biometric Imaging Capture System And Method," was duly and legally issued on October 2, 2007 to Plaintiff Cross Match, the assignee of named inventor Gregory Zyzdryn. Plaintiff Cross Match is the owner of the '562 Patent with full rights to enforce the '562 Patent. A true and correct copy of the '562 Patent is attached as Exhibit D.

## The Controversy

15. Founded in 1996, Cross Match is a pioneer and leading global provider in the field of biometric identity management solutions. Cross Match's innovative products include a wide range of multimodal biometric solutions, including fingerprint and palmprint scanners, which are used to capture and process the unique physiological characteristics of individuals to verify identities. These products allow Cross Match's customers to protect and secure people, property, and privacy. Cross Match's customers use its innovative technology to perform background checks for job applicants; verify identities at borders and other checkpoints; register individuals for driver's license, national identification and voter programs; prevent identity fraud

in large-scale private and government programs; and control access to office buildings and secure areas. In addition to its many private customers, Cross Match's patented products are also used by the U.S. military for deployment in combat zones, including Iraq and Afghanistan, to fulfill critical national security requirements. For example Cross Match's patented products are currently used to authenticate the identification of new Iraqi/Afghani military and police recruits for enrollment into training programs.

16. Cross Match invests heavily in research and development and has a rich history of innovation. Cross Match and its subsidiaries have been granted over 110 patents and have many additional patent applications pending to protect various innovative proprietary systems and methods, such as its patented "auto capture" and rolled fingerprint capture capabilities, which allow for enhanced fingerprint acquisition.

17. Suprema is a recent entrant into the U.S. market for biometrics and fingerprint scanning. Suprema's infringing products compete with Cross Match's innovative and patented products, including Cross Match's L SCAN Guardian®, L Scan Guardian® R, L Scan Guardian® R2, L Scan® 1000T, L Scan® 500P, L Scan® 1000P, Verifier® 320LC and Verifier® 310LC.

18. For example, the U.S. Census Bureau recently awarded a contract to Mentalix to provide over 1,000 of Suprema's infringing fingerprint and/or palmprint scanners to Census workers to conduct the U.S. Census. Cross Match had also bid for the Census contract, but was underbid by Mentalix and Suprema. On information and belief, the competing products Suprema and Mentalix submitted in this bid infringe the patents-in-suit, and Suprema has begun shipping the infringing scanners to the U.S. from its facilities in Korea.

19. Suprema is seeking other inroads into the U.S. market with products that infringe Cross Match's patents, and Suprema has submitted infringing fingerprint scanners to the Federal

Bureau of Investigation to obtain a certification that would allow Suprema to sell its infringing products to the FBI as well as other private, federal, state and local organizations.

20. Suprema's and Mentalix's use, sale, offer for sale, and/or importation of infringing products is damaging and will continue to damage Cross Match's business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendants' wrongful acts are enjoined by this Court.

## COUNT I
### (PATENT INFRINGEMENT OF THE '993 PATENT)

21. Cross Match incorporates each of the preceding paragraphs 1 to 20 as if fully set forth herein.

22. On information and belief, Defendants have infringed and continue to infringe the '993 Patent by making, using, selling, offering to sell, and/or importing certain biometric scanning devices, including the Suprema RealScan-10 compact ten-print live scanner. Each Defendant is individually liable to Cross Match for infringement of the '993 Patent pursuant to 35 U.S.C. § 271.

23. On information and belief, Defendants have induced and continue to induce infringement of the '993 Patent: Defendants were aware of the '993 Patent; knew or should have known that their individual and collective making, using, selling, offering to sell, or importing certain biometric scanning devices, including the RealScan-10 compact ten-print live scanner, would result in direct infringement by others, including distributers and users of the RealScan-10 compact ten-print live scanner. Each Defendant is individually liable to Cross Match for inducing infringement of the '993 Patent pursuant to 35 U.S.C. § 271.

24. On information and belief, Defendants have contributed to and continue to contribute to infringement of the '993 Patent: Defendants make, use, sell, offer to sell, and/or import biometric scanning devices, including the RealScan-10 compact ten-print live scanner,

that constitute a material part of the inventions claimed in the '993 Patent; Defendants knew and know that the combination for which Suprema's biometric scanning devices are used, including the RealScan-10 compact ten-print live scanner, are patented and infringing. Each Defendant is individually liable to Cross Match for contributory infringement of the '993 Patent pursuant to 35 U.S.C. § 271.

25. On information and belief, Defendants' infringement of the '993 Patent is willful and deliberate, entitling Cross Match to enhanced damages pursuant to 35 U.S.C. § 284 and recovery of attorneys fees and costs pursuant to 35 U.S.C. § 285.

26. Defendants' infringement of the '993 Patent will continue to damage Cross Match's business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendants wrongful acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

27. Defendants' infringement has caused damage to Cross Match and Cross Match is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

## COUNT II
### (PATENT INFRINGEMENT OF THE '932 PATENT)

28. Cross Match incorporates each of the preceding paragraphs 1 to 27 as if fully set forth herein.

29. On information and belief, Defendants have infringed and continue to infringe the '992 Patent by making, using, selling, offering to sell, and/or importing certain biometric scanning devices, including the Suprema RealScan-D portable dual finger live scanner and Suprema RealScan-10 compact ten-print live scanner. Each Defendant is individually liable to Cross Match for infringement of the '992 Patent pursuant to 35 U.S.C. § 271.

30. On information and belief, Defendants have induced and continue to induce infringement of the '992 Patent: Defendants were aware of the '992 Patent; knew or should have known that their individual and collective making, using, selling, offering to sell, or importing

7

certain biometric scanning devices, including the RealScan-D portable dual finger live scanner and RealScan-10 compact ten-print live scanner, would result in direct infringement by others, including distributers and users of the RealScan-D portable dual finger live scanner and RealScan-10 compact ten-print live scanner. Each Defendant is individually liable to Cross Match for inducing infringement of the '992 Patent pursuant to 35 U.S.C. § 271.

31. On information and belief, Defendants have contributed to and continue to contribute to infringement of the '992 Patent: Defendants make, use, sell, offer to sell, and/or import biometric scanning devices, including the RealScan-D portable dual finger live scanner and RealScan-10 compact ten-print live scanner, that constitute a material part of the inventions claimed in the '992 Patent; Defendants knew and know that the combination for which Suprema's biometric scanning devices are used, including the RealScan-D portable dual finger live scanner and RealScan-10 compact ten-print live scanner, are patented and infringing. Each Defendant is individually liable to Cross Match for contributory infringement of the '992 Patent pursuant to 35 U.S.C. § 271.

32. On information and belief, Defendants' infringement of the '992 Patent is willful and deliberate, entitling Cross Match to enhanced damages pursuant to 35 U.S.C. § 284 and recovery of attorneys fees and costs pursuant to 35 U.S.C. § 285.

33. Defendants' infringement of the '992 Patent will continue to damage Cross Match's business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendants wrongful acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

34. Defendants' infringement has caused damage to Cross Match and Cross Match is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

## COUNT III
### (PATENT INFRINGEMENT OF THE '344 PATENT)

35. Cross Match incorporates each of the preceding paragraphs 1 to 34 as if fully set forth herein.

36. On information and belief, Defendants have infringed and continue to infringe the '344 Patent by making, using, selling, offering to sell, and/or importing certain biometric scanning devices, including the Suprema RealScan-D portable dual finger live scanner and Suprema RealScan-10 compact ten-print live scanner. Each Defendant is individually liable to Cross Match for infringement of the '344 Patent pursuant to 35 U.S.C. § 271.

37. On information and belief, Defendants have induced and continue to induce infringement of the '344 Patent: Defendants were aware of the '344 Patent; knew or should have known that their individual and collective making, using, selling, offering to sell, or importing certain biometric scanning devices, including the RealScan-D portable dual finger live scanner and RealScan-10 compact ten-print live scanner, would result in direct infringement by others, including distributers and users of the RealScan-D portable dual finger live scanner and RealScan-10 compact ten-print live scanner. Each Defendant is individually liable to Cross Match for inducing infringement of the '344 Patent pursuant to 35 U.S.C. § 271.

38. On information and belief, Defendants have contributed to and continue to contribute to infringement of the '344 Patent: Defendants make, use, sell, offer to sell, and/or import biometric scanning devices, including the RealScan-D portable dual finger live scanner and RealScan-10 compact ten-print live scanner, that constitute a material part of the inventions claimed in the '344 Patent; Defendants knew and know that the combination for which Suprema's biometric scanning devices are used, including the RealScan-D portable dual finger live scanner and RealScan-10 compact ten-print live scanner, are patented and infringing. Each

Defendant is individually liable to Cross Match for contributory infringement of the '344 Patent pursuant to 35 U.S.C. § 271.

39. On information and belief, Defendants' infringement of the '344 Patent is willful and deliberate, entitling Cross Match to enhanced damages pursuant to 35 U.S.C. § 284 and recovery of attorneys fees and costs pursuant to 35 U.S.C. § 285.

40. Defendants' infringement of the '344 Patent will continue to damage Cross Match's business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendants wrongful acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

41. Defendants' infringement has caused damage to Cross Match and Cross Match is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

## COUNT IV
### (PATENT INFRINGEMENT OF THE '562 PATENT)

42. Cross Match incorporates each of the preceding paragraphs 1 to 41 as if fully set forth herein.

43. On information and belief, Defendants have infringed and continue to infringe the '562 Patent by making, using, selling, offering to sell, and/or importing certain biometric scanning devices, including the Suprema RealScan-D portable dual finger live scanner and Suprema RealScan-10 compact ten-print live scanner. Each Defendant is individually liable to Cross Match for infringement of the '562 Patent pursuant to 35 U.S.C. § 271.

44. On information and belief, Defendants have induced and continue to induce infringement of the '562 Patent: Defendants were aware of the '562 Patent; knew or should have known that their individual and collective making, using, selling, offering to sell, or importing certain biometric scanning devices, including the RealScan-D portable dual finger live scanner and RealScan-10 compact ten-print live scanner, would result in direct infringement by others, including distributers and users of the RealScan-D portable dual finger live scanner and

RealScan-10 compact ten-print live scanner. Each Defendant is individually liable to Cross Match for inducing infringement of the '562 Patent pursuant to 35 U.S.C. § 271.

45. On information and belief, Defendants have contributed to and continue to contribute to infringement of the '562 Patent: Defendants make, use, sell, offer to sell, and/or import biometric scanning devices, including the RealScan-D portable dual finger live scanner and RealScan-10 compact ten-print live scanner, that constitute a material part of the inventions claimed in the '562 Patent; Defendants knew and know that the combination for which Suprema's biometric scanning devices are used, including the RealScan-D portable dual finger live scanner and RealScan-10 compact ten-print live scanner, are patented and infringing. Each Defendant is individually liable to Cross Match for contributory infringement of the '562 Patent pursuant to 35 U.S.C. § 271.

46. On information and belief, Defendants' infringement of the '562 Patent is willful and deliberate, entitling Cross Match to enhanced damages pursuant to 35 U.S.C. § 284 and recovery of attorneys fees and costs pursuant to 35 U.S.C. § 285.

47. Defendants' infringement of the '562 Patent will continue to damage Cross Match's business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendants wrongful acts are enjoined by this Court pursuant to 35 U.S.C. § 283.

48. Defendants' infringement has caused damage to Cross Match and Cross Match is entitled to recover damages in an amount subject to proof at trial pursuant to 35 U.S.C. § 284.

## Jury Trial Demanded

Cross Match respectfully demands a trial by jury on all issues triable to a jury.

## Prayer for Relief

WHEREFORE, Plaintiff Cross Match respectfully requests that this Court enter judgment against the Defendants, granting the following relief:

A. Judgment of infringement of the '993 Patent against each of Defendants;

B. Judgment of infringement of the '932 Patent against each of Defendants;

C. Judgment of infringement of the '344 Patent against each of Defendants;

D. Judgment of infringement of the '562 Patent against each of Defendants;

E. Preliminarily and permanently enjoining each of Defendants, their officers, agents, servants, employees and attorneys, and all those persons acting in concert or participation with them from further acts of infringement;

F. An award of damages adequate to compensate Cross Match for the infringement that has occurred, pursuant to 35 U.S.C. § 284, including prejudgment and post-judgment interest;

G. An award of treble damages for willful infringement pursuant to 35 U.S.C. § 284;

H. An accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's decision regarding the imposition of a permanent injunction;

I. An award of attorneys fees based on this being an exceptional case pursuant to 35 U.S.C. § 285, including prejudgment interest on such fees;

J. Costs and expenses in this action; and

K. An award of such other and further relief as the Court deems just and proper.

DATED:  February 10, 2010

        Respectfully submitted,

        */s/ Michael E. Jones*
        Michael E. Jones
        SBN: 10929400
        POTTER MINTON PC
        110 N. College
        Suite 500
        P.O. Box 359
        Tyler, TX 75710-0359
        Tel: (903) 597-8311
        Fax: (903) 593-0846
        mikejones@potterminton.com

        Maximilian A. Grant
        LATHAM &WATKINS LLP
        555 Eleventh Street, NW
        Suite 1000
        Washington DC 20004-1304
        Tel: (202) 637-2200
        Fax: (202) 637-2201
        max.grant@lw.com

        **ATTORNEYS FOR**
        **CROSS MATCH TECHNOLOGIES, INC.**